ERVIN, Judge,
specially concurring.
I concur that this cause should be reversed but for different reasons than stated in this court’s opinion. I agree that Section 734.06, Florida Statutes (1973), is not applicable for the reasons stated in the majority opinion, however the opinion has overlooked the majority rule that when, as a result of a *972 spouse’s election to take against the will, it is necessary for other beneficiaries to contribute in order to make up the elective share, the residuary estate is first liable to contribute to such share. See Annot., 36 A.L.R.2d 291, 299 (1954).
The cases cited in the annotation generally state when specific devises are made, such indicate a preference to the beneficiaries, unless it clearly appears from the will that the residuary beneficiaries are preferred. A preference to the specific devi-sees may be infered here. After making certain devises to specifically named persons, the first devise being 27 shares of stock in Long Beach Resort, Inc., to appel-lee, the testator next directed his executors pay the costs of the administration, as well as all estate and inheritance taxes. Finally he requested the residue and remainder of his estate be bequeathed to certain residuary beneficiaries, including appellants. In my judgment, the testator’s expression that the specific devisees be distributed their shares before even the payment of costs and taxes implies a preference over the residuary beneficiaries.
We are not confronted with an issue where a specific devisee is forced by court order to contribute to the elective share; rather the question is whether, if an election taken against a will causes loss to other beneficiaries, the specific devisee so harmed has a right to require the residuary beneficiary to compensate him for the loss. I see no reason to depart from the general rule had appellee’s specific devise been diminished only by court order. Here however, subsequent to the widow’s election to take dower, the court entered its order assigning dower pursuant to an agreement between the co-executors, one of whom is the appel-lee, who assigned to the widow one third of the estate by setting off to her one third all lands, one third all cash, one third of all other personal property pro rata, having the effect of a ratable contribution by all beneficiaries to the satisfaction of the widow’s dower. No objection was made to the agreement nor to the order setting aside dower. The order setting aside dower was not appealed. Later appellee filed his petition requesting the court distribute to him from the residuary assets of the estate sufficient assets to compensate him for the fair market value of the shares devised to him.
Had appellee not entered into an agreement allowing a ratable reduction from his portion of the estate, I would affirm; however I feel appellee is now bound by his prior agreement and is precluded from seeking distribution from the residual assets of the estate to compensate him for the loss.